IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **RICHARD HENDERSON,** § § § § | |
| Plaintiff, § § | Civil Action No. 4:21-cv-3416 |
| v. § § | |
| **AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS, (PIONEER AMERICAN INSURANCE),** § § § § § | **Jury Trial Demanded** |
| Defendants. § | |

## COMPLAINT

RICHARD HENDERSON (hereinafter referred to as "Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against AMERICAN AMICABLE LIFE INSURANCE COMPANY OF TEXAS (hereinafter referred to as "AMERICAN AMICABLE") and PIONEER AMERICAN INSURANCE (hereinafter referred to as "PIONEER" (hereinafter collectively referred to as "Defendants"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq.*, and § 302.101 of the Texas Business & Commercial Code.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. Supplemental jurisdiction for Plaintiff's related state law claims arises under 28 U.S.C. §1367.

4. This Court has personal jurisdiction over Defendants because both Defendants maintain a principal place of business in the State of Texas and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Texas.

5. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

**PARTIES**

6. Plaintiff is a natural person residing in League City, Texas 77573.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. AMERICAN AMICABLE is a business entity with a principal place of business, head office, or otherwise valid mailing address at 425 Austin Avenue, Waco, Texas 76701.

9. AMERICAN AMICABLE is a "person" as that term is defined by 47 U.S.C. §153(39).

10. PIONEER is a business entity with a principal place of business, head office, or otherwise valid mailing address at 425 Austin Avenue, Waco, Texas 76701.

11. PIONEER is a "person" as that is defined by 47 U.S.C. §153(39).

12. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. At all times relevant hereto, Plaintiff, Richard Henderson, maintained a cell phone, the number for which was (281) XXX-2765.

14. Plaintiff registered that cell phone number on the Federal Do Not Call Registry on May 13, 2010.

15. At all times relevant hereto, Plaintiff, Richard Henderson, maintained a cell phone, the number for which was (832) XXX-7629.

16. Plaintiff registered that cell phone number on the Federal Do Not Call Registry on November 11, 2010.

17. Mr. Henderson registered these cell phone numbers on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls.

18. Defendants are insurance agencies that sell to consumers, *inter alia*, life insurance policies.

19. Defendants engage in telemarketing in order to solicit business.

20. Between July 2020 through at least March of 2021, Defendants placed a series of solicitation calls to Plaintiff in order to sell Plaintiff a life insurance policy.

21. Defendants' phone calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

22. Mr. Henderson did not consent to those calls from Defendants.

23. Defendants' solicitation calls were not made for "emergency purposes."

24. Defendants knew their calls were unwanted, therefore, all texts could have only been made solely for purposes of harassment.

25. Defendants incessant calls were bothersome, disruptive, and frustrating for Plaintiff to endure.

26. In total, Defendants placed at least 18 calls to Plaintiff, at date/times including the following calls to his personal phone ending in 2765.

| Date/Time: | Caller ID: |
|---|---|
| July 1, 2020 4:30 pm Central | (281) 571-0865 |
| July 17, 2020 12:46 pm Central | (281) 929-3263 |
| July 24, 2020 3:57 pm Central | (281) 544-3353 |
| October 5, 2020 2:22 pm Central | (281) 390-5970 |
| November 4, 2020 4:25 pm Central | (281) 658-9707 |
| February 17, 2021 2:45 pm Central | (561) 855-5956 |
| February 17, 2021 2:57 pm Central | (561) 316-1353 |
| March 3, 2021 2:42 pm Central | (270) 341-3324 |
| March 15, 2021 7:00 pm Central | (937) 610-1765 |

27. Upon information and belief, Plaintiff received additional calls to the phone number ending in 2765 from Defendants not included in the above list.

28. Plaintiff additionally received calls to the phone number ending in 7629 which is maintained by Plaintiff, including the following calls:

| Date/Time: | Caller ID: |
|---|---|
| November 2, 2020 1:40 pm Central | (832) 232-0163 |
| November 9, 2020 4:12 pm Central | (832) 256-5401 |
| December 4, 2020 10:03 am Central | (832) 286-8275 |
| December 4, 2020 10:54 pm Central | (832) 260-0151 |
| December 8, 2020 3:00 pm Central | (832) 239-1950 |
| February 1, 2021 6:40 pm Central | (832) 298-2074 |
| February 16, 2021 9:08 am Central | (832) 247-4620 |
| February 17, 2021 2:24 pm Central | (832) 290-1572 |
| March 18, 2021 7:19 pm Central | (832) 252-5317 |

29. Upon information and belief, Plaintiff received additional calls from Defendants not included in the above-list.

30. Many of the calls placed by Defendants to Mr. Henderson began with a pause followed by a beep, which was then followed by someone greeting Mr. Henderson, but only after Mr. Henderson spoke.

31. For instance, in a call placed by Defendants on February 17, 2021, when Plaintiff answered the call there was a long pause, followed by a beep, then a representative answered

the phone stating he was "John with American Senior Benefits." The representative began asking Plaintiff personal questions to which Plaintiff stated he would only discuss these matters with a licensed agent. Following Plaintiff's refusal to disclose personal information with any individual other than a licensed agent, the line was disconnected.

32. These unwanted calls continued despite Mr. Henderson's cellular phone numbers being on the Do Not Call Registry since 2010.

33. Defendant did not have Plaintiff's consent to call him on his cellular telephone numbers.

34. Plaintiff did not request information regarding final expense life insurance.

35. Plaintiff requested Defendants stop contacting Plaintiff on or about July of 2020.

36. However, the calls continued.

37. As a result of the persistence of the unwanted solicitation calls, Mr. Henderson tried to identify the company calling him. Plaintiff there by attempted to gather information about the company that was behind the calls. Plaintiff asked on many occasions for the agent to state which company they were calling from and to provide a website so Plaintiff could do his own research. All of these attempts resulted in refusal by the agent or the line being disconnected.

38. For instance, in a call placed by Defendants on November 4, 2020, Defendants' agent asked Plaintiff who would be a beneficiary to his insurance policy. Plaintiff stated that he would not provide that personal information to anyone other than a licensed agent, and requested more information about the company, namely where it was located. Defendants' agent responded by saying "I am located in back of your home" and shortly thereafter hung up the phone and ended the call.

39. Ultimately, Plaintiff continued to get the unwanted calls, and spoke with a licensed agent to which he was notified that the insurance policy would be through Pioneer American Insurance.

40. Defendants continued to call Plaintiff for purposes of harassing Plaintiff through March 2021.

41. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that her privacy has been invaded by Defendants.

42. The foregoing acts and omissions were in violation of the TCPA and Texas Business and Commercial Code.

## COUNT I
## DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(b)

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

45. Defendants initiated numerous calls to Plaintiff's cellular telephone number using an automatic telephone dialing system.

46. Specifically, Defendants utilize a dialing system which uses a random or sequential number generator to store telephone numbers.

47. Defendants utilize a dialing system which uses a random or sequential number generator to select the sequence of call/text messages to be sent/made.

48. Defendants' calls were not made for "emergency purposes."

49. Defendants' calls to Plaintiff's cellular telephones were made without any prior express consent.

50. Defendants contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry and despite the fact that Plaintiff told Defendants to stop their telephone solicitations.

51. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

52. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

53. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

### COUNT II
### DEFENDANTS VIOLATED THE TCPA 47 U.S.C. § 227(c)

54. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

55. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call-Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

56. Defendants' contacted Plaintiff despite the fact that Plaintiff has been registered on the Do Not Call Registry since 2010.

57. Defendants' acts as described above were done with malicious intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

58. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

59. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

**COUNT III**
**DEFENDANT VIOLATED § 302.101 OF**
**THE TEXAS BUSINESS & COMMERICAL CODE**

60. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

61. Plaintiff is a "consumer" as defined by § 301.001(2) of the Texas Business and Commerce Code.

62. Defendants are "telephone solicitors" as defined by § 301.001(5) of the Texas Business and Commerce Code.

63. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

64. Defendants violated § 302.101 of the Texas Business & Commerce Code when their representatives engaged in continuous and rep repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

65. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

**WHEREFORE**, Plaintiff, **RICHARD HENDERSON**, respectfully prays for judgment as follows:

    a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A) and §302.302 of the Texas Business and Commerce Code);

    b. Statutory damages of $500.00 per violative text/call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c. Additional statutory damages of $500.00 per violative text/call (as provided under 47 U.S.C. §227(c));

    d. Treble damages of $1,500.00 per violative text/call (as provided under 47 U.S.C. § 227(b)(3));

    e. Additional treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(c);

    f. Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code );

    g. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to. §302.302(a) of the Texas Business & Commerce Code;

    h. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)); and

    i. Any other relief this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

1 PLEASE TAKE NOTICE that Plaintiff, RICHARD HENDERSON, demands a jury trial in this case.

Respectfully submitted,

Dated:	By: */s/ Jacob U. Ginsburg*
	Jacob U. Ginsburg, Esq.
	SDTX Attorney ID No. 3568914
	Kimmel & Silverman, P.C.
	30 East Butler Pike
	Ambler, PA 19002
	Phone: (215) 540-8888
	Facsimile: (877) 788-2864
	Email: teamkimmel@creditlaw.com